## Robert Ruffin Barrow v. Holden Wright.

In the absence of any adverse claimant, a purchaser will not be permitted to dispute his vendor's title, or to show its inferiority to that of another. If disquieted in his possession, or if he have reason to fear that he will be, he may require security against eviction; and, if that be furnished, he cannot withhold the price. C. C., 2535.

Appeal from the District Court of Terrebonne, *Nicholls*, J.

*Stevens*, for the plaintiff.

*Beatty*, for the appellant.

Simon, J.   The defendant is appellant from a judgment which condemns him to pay the amount of two promissory notes made by him in favor of the plaintiff, each for the sum of $1383 33. These notes are the balance of the price of the undivided half of two tracts of land, sold by the plaintiff to the defendant; and the judgment appealed from orders that, before execution be issued thereon, the plaintiff give bond, with the security therein named, in the sum of $4000, to secure the defendant against eviction of the land described in the petition.

The answer sets up, in substance, that there was a deficiency in the quantity of land sold; that by the value of the number of *arpents*, and what has already been paid by the vendee to plaintiff, the notes sued on have been fully satisfied; that plaintiff sold in said sale several *arpents* of uncleared land belonging to another person; and that the defendant has been obliged, or *will be obliged to give it up*. The answer further states, that the plaintiff had no legal title to the land sold; that defendant is now menaced with a suit for the recovery of the land by those who claim to be the owners thereof; and that said plaintiff is bound to furnish him a good title to the land, or to give him security against the danger of eviction, &c.; and he prays accordingly.

The defendant subsequently filed an amended answer for the purpose of setting up a deficiency of more than one-twentieth part of the land, instead of one-fortieth, as he had alleged in his

Barrow v. Wright.

original answer. This amendment was objected to, but admitted by the court.

It appears from the act of sale produced in evidence, that one of the tracts purchased by the defendant, and described as containing ten *arpents* in front on each side of a bayou, with such depth as to give about four hundred superficial *arpents*, was sold according to fixed boundaries, and as having such shape and form *as are set forth in the plat*, (not brought up with the record). It is further described as being bounded above by lands of the heirs of Doucet on the left bank of the bayou Terrebonne, and by land of the vendor on the right bank, &c. The other tract was sold as adjoining the first, and as containing three *arpents* in front, on the right bank of the bayou, running back four *arpents*, &c.

It further appears from the record, that the plaintiff voluntarily tendered to the court before taking up the cause for trial, to furnish security to the satisfaction of the said court, to secure the defendant from any eviction which he might suffer ; whereupon, on the trial of the case, the judge *a quo*, being of opinion that the price of the purchase could not be withheld, that the defence amounted in substance to a denial of title, and that the threatened eviction, being the only complaint of the defendant, is sufficiently covered by the proffered security, particularly as there was no suit brought, or judgment rendered evicting him from the land, overruled the motion made by the defendant for an order of survey, and rejected the documentary evidence by him offered in support of his defence. This opinion of the lower court became the subject of two bills of exceptions, on which the appellant's counsel relies to obtain the reversal of the judgment appealed from.

We think the judge *a quo* did not err. The defendant's answer, which, as to the alleged deficiency, is very vague and indefinite, does not indicate which of the two tracts is deficient in quantity. It does not mention the particulars in which the deficiency consists, whether it is in the front, or in the rear, or on the sides of the tracts ; and under the description given in the deed of sale, it is very important to know in what part of the location of the tracts, or either of them, the deficiency may exist. Ac-

cording to the sale, the first tract was sold in conformity with the lines pointed out in a plat of survey. This sale was made on the 16th of January, 1839, long before the notes sued on became due; and from the tenor of the defendant's answer, it does not appear that the plaintiff failed to deliver him any specific part of the quantity of *arpents* of land mentioned in the sale. It is true that he states in an affidavit made to obtain the execution of an order of survey, that instead of four hundred *arpents,* he only received two hundred and ninety; but he states also that a certain portion of one of the tracts belonged to Madame Thibodeaux, and that he has been obliged to surrender it to her. This shows that he had possession of the land, and that he thought proper to give up a part of it; and it is evident, from his allegations, that if any deficiency exists in the number of acres of land by him purchased, this has been, or *may be* owing to some other person's having a better title thereto. The answer pleads that he has been, or *will be obliged to give up* a part of the land bought; that the plaintiff *has no title to the land sold;* and that the purchaser is in danger *of being sued for the recovery, by those who claim to be the legal proprietors thereof;* and it seems to us that, under such pleadings, the whole of this defence amounts only to the exercise of a premature action of warranty, founded upon a threatened eviction, and that it cannot be understood as being the basis of an action for a diminution of the price, resulting from any deficiency in the measurement of the property. It may be that, after the eviction shall have taken place, if it ever does, there will be a deficiency; but we cannot, as the case stands, permit the defendant, in the absence of any adverse claimant, by whom he has not even been sued, to dispute his vendor's title, and allow him to show that it is inferior to that of another. The only relief which he is entitled to, at present, is, to obtain security against the threatened eviction. Civil Code, art. 2535. 7 Mart. N. S., 93. 1 Robinson, 195. This the plaintiff has furnished him in the amount fixed by the judgment complained of. The condition of the said judgment having been complied with, the appellant cannot any longer withhold the price which he owes, as he is protected by the bond against any danger of eviction.

*Judgment affirmed.*